DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>$12,410 IN U.S. CURRENCY, )<br>(TOMMY RICE) )<br>)<br>Defendant. )<br>) | CASE NO.    5:05 CV 706<br><br>MEMORANDUM OPINION<br>(Resolving ECF 19 and 22) |

Pending before the Court is Petitioner Tommy W. Rice's motions to set aside the forfeiture and return property. This case was previously closed in September 2005 when the parties entered into a settlement agreement regarding the forfeiture of $9,910. Petitioner seeks the return of the $9,910 forfeited in the settlement agreement as well as other miscellaneous property, including a 2001 Chevy Corvette which was not the subject of this case but rather an administrative forfeiture proceeding. ECF 18. The only issue properly before the Court is Petitioner's motion for the return of the $9,910 forfeited in the September 2005 settlement agreement. Petitioner's motions with respect to the other alleged property subject to forfeiture is without merit and denied.

On April 2, 2009, Petitioner moved to set aside forfeiture of property pursuant to 18 U.S.C. § 983(e). ECF 19. The government opposed the motion. ECF 21.

On June 6, 2009, Petitioner replied and moved to return property pursuant to Fed. R. Crim. P. 41(g) in addition to 18 U.S.C. § 983(e). ECF 22. The government filed a surreply opposing the motion. ECF 23.

For the reasons discussed below Petitioner's motions to set aside the forfeiture and return

(5:05 CV 706)

of property with respect to the $9,910 is also denied.

# I. BACKGROUND

### A. Factual background and seizure.

On October 2, 2004, at approximately 4:50 p.m., Akron Police officers were dispatched to the Radisson Hotel in Akron, Ohio after Petitioner refused to leave a room (No. 600) that was to have been vacated by 11:00 a.m. on October 2, 2004. When Petitioner eventually came out of the room he was placed under arrest for trespassing and obstructing official business. Akron Police Officers recovered $9,800 of the Defendant Currency in Petitioner's pocket.

After Petitioner had exited the room, and upon receiving permission from the hotel manager, Akron Police Officers inspected room No. 600. Upon entering the room, in plain view, officers found (a) $1,600 of the Defendant Currency, (b) a rock of crack cocaine, (c) a torn baggie of marijuana residue, and (d) marijuana on the desk and next to the toilet in the bathroom. Additionally, Petitioner's 2001 Corvette, which was parked at the hotel, was later inventoried according to police policy. Inside the vehicle, the police discovered $1,000 of the Defendant Currency and a bullet proof vest. In all, $12,410 was seized by Akron Police Officers on October 2, 2004.

### B. Forfeiture Proceedings.

The Defendant Currency was subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds from drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. § 841(a), and the United States filed a complaint in forfeiture. ECF 1.

(5:05 CV 706)

The case was resolved in September 2005 by a Stipulated Settlement Agreement and Decree of Forfeiture between the government and Petitioner with respect to the forfeiture of Defendant Currency, stemming from the October 2, 2004 arrest of Petitioner, which stipulated as follows:

> 1. The United States had probable cause to institute this forfeiture action.
>
> 2. The United States served a notice of this forfeiture action on Tommy Rice ("Rice"). Rice filed a timely claim to the Defendant Currency.
>
> 3. The United States and Rice, through his attorney, hereby agree to the forfeiture to the United States of $9,910 of the Defendant Currency.  The remaining $2,500 of the Defendant Currency shall be returned to Rice by means of a government check payable to his attorney, Lawrence J. Whitney, and delivered to Mr. Whitney at his address listed below.
>
> 4. Rice, through his attorney, hereby agrees not to commence any action or make any claim, nor to permit the filing of any action or the making of any claim on his behalf, against any of the law enforcement authorities involved in the prosecution of the forfeiture of the Defendant Currency, or against the United States, or any of its departments, agencies, agents, and employees, or against any local law enforcement department, or any of its agents and officers, arising out of the forfeiture proceedings against the Defendant Currency.  Further, Rice waives any claim he may have, including claims for his attorney fees and claimed violations of constitutional rights, arising out of the prosecution of forfeiture proceedings against the Defendant Currency.

The April 22, 2009 affidavit of Attorney Lawrence J. Whitney stated that he represented Petitioner in connection with the administrative forfeiture proceeding of Petitioner's 2001 Chevy Corvette.  Attorney Whitney further stated that Petitioner had notice and was aware of the proceedings in connection to the administrative forfeiture of his 2001 Chevy Corvette.

Despite the aforementioned agreement and administrative forfeiture proceeding, Petitioner moves this Court to set aside forfeiture of property pursuant to Fed. R. Crim. P. 41(g), or, in the alternative, 18 U.S.C. § 983(e).  See ECF 19 and 22.  Specifically, Petitioner moves

(5:05 CV 706)

this Court for the return of the following property:

> 1. 2001 Chevy Corvette, 2003 model Hewlett Packard laptop computer, various computer software, programs, accessories and DVD movies, waist-length black mink coat, and $9,910 in U.S. Currency forfeited in a stipulated settlement (Petitioner claims these items were seized by Akron Police officers on October 2, 2004); and

> 2. 30-inch platinum necklace with diamond-encrusted ornament, 24-inch diamond necklace with diamond-encrusted ornament, and one white gold Gucci watch with diamond encrusted "G" bezel (Petitioner claims these items were seized by Akron Police Officers on January 2, 2005).

## II. LAW AND ANALYSIS

**A. Petitioner's motion pursuant to Fed. R. Crim. P. 41(a)(5)(B) is without merit because Criminal Rules do not apply in civil forfeiture cases.**

Fed. R. Crim. P. 1(a)(5)(B) expressly provides that Criminal Rules do not apply in civil forfeiture cases. Accordingly, Petitioner cannot seek relief under Fed. R. Crim. P. 41(g).

**B. Petitioner's motion pursuant to 18 U.S.C. § 983(e) is without merit.**

**1. No evidence has been offered to demonstrate the United States seized any items from Petitioner other than a 2001 Chevy Corvette and $12,410 in U.S. Currency.**

If not in possession of the items which Petitioner seeks to have returned, the United States is not the appropriate party from which to seek their return. *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997); *See Miller v. Reno*, No. 99-5468, 2000 WL302786 (6th Cir. Mar. 17, 2000). The United States claims that the only seized items for which Rice seeks return that were turned over by the Akron Police to the federal government are the 2001 Chevy Corvette and $12,410 in U.S. Currency.

The affidavit of Raphael J. Caprez, an Akron police officer assigned to the DEA task

-4-

(5:05 CV 706)

force, which the government provided in response to the petition, states that aside from the 2001 Chevy Corvette and $12,410 in U.S. currency, no other items seized by the Akron Police in connection with the underlying crime were turned over to the federal government. ECF 21-2.

Rice has offered no evidence to contradict the sworn statement of Officer Caprez that any items other than the Corvette and Defendant Currency were turned over to the federal government. Accordingly, the United States is not the appropriate party from which Petitioner should seek to recover the other items in his petition.

**2. Petitioner had notice of the forfeiture proceedings or settlement agreement.**

Petitioner also claims that the forfeited property should be returned because of lack of notice and lack of authority by his attorney to have earlier resolved this forfeiture case by settlement. Attorney Lawrence Whitney represented petitioner Rice in the underlying criminal proceeding, in the administrative forfeiture proceeding for the 2001 Corvette, and in the civil judicial forfeiture proceeding for the Defendant Currency in the this case. Petitioner claims that he did not have notice of either proceeding. Further, Petitioner claims that Attorney Whitney did not have authority to settle the civil judicial forfeiture proceeding for the Defendant Currency.

Although Petitioner acknowledges the mailings and publications in this case, he claims not to have received proper notice. Further, Attorney Lawrence's affidavit states that Petitioner had notice of both the administrative proceeding regarding the 2001 Corvette and of the civil judicial proceeding in this case as to the Defendant Currency, and that he had authority to enter into the settlement agreement as to the Defendant Currency.

Rice has offered no evidence to contradict the sworn statement of Attorney Whitney

-5-

(5:05 CV 706)

other than argument in support of his petition. Based on the evidence of record before it, the Court concludes both that Rice had notice of the forfeiture proceedings and that Attorney Whitney as authorized to enter into the settlement agreement as to the Defendant Currency.

### C. Petitioner's motion pursuant to 18 U.S.C. § 983(e) is barred by laches.

"The defense of laches is available in response to a motion for the return of property." *U.S. v. Hanserd,* No. 97-1600, 1998 WL 228168, at *2 (6th Cir. May 1, 1998); *Vance v. United States*, 965 F.Supp. 944, 946 (E.D.Mich.1997). "Dismissal of a claim on the ground of laches requires that there be (1) an unreasonable and unexcused delay in bringing the claim, and (2) material prejudice as a result of the delay." *U.S. v. Hanserd,* No. 97-1600, 1998 WL 228168, at *2 (6th Cir. May 1, 1998); *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed.Cir.1992). "When applying the equitable doctrine of laches in order to bar a claim, the period of delay is measured from when the claimant had actual notice of the claim or would have reasonably been expected to inquire about the subject matter." *U.S. v. Hanserd,* No. 97-1600, 1998 WL 228168, at *2 (6th Cir. May 1, 1998); *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1161 (Fed.Cir.1993).

In this case, Rice's filings in support of his petition reveal that he was aware that his property was seized at the time of the seizure. It has been more than four years since the seizures and Rice's conviction. Petitioner has not offered a reason or excuse for the extended delay in asserting this claim for return of his property. Rice's petition places the government in the position of reconstructing forfeiture proceedings that took place more than four years ago.

In the absence of a reasonable reason or excuse for delay, Rice's petition for the return of

(5:05 CV 706)

his property is stale. Accordingly, even were there merit to Rice's petition, his untimely claim for return of forfeited property is barred by laches. *U.S. v. Hanserd,* No. 97-1600, 1998 WL 228168, at *2 (6th Cir. May 1, 1998); *Arispe v. U.S.*, No. 03-10124-BC, 2005 WL 3132211 (E.D. Mich. 2005).

### III. CONCLUSION

For the reasons discussed herein, Petitioner's motion for return property pursuant to the Federal Rules of Criminal Procedure 41(g), or, in the alternative, 18. U.S.C. § 983(e), is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| 07/24/09 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |